UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 8:97-cr-61-TPB-AAS

JAMIE WILLIAMS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Jamie Williams's motion for compassionate release, filed *pro se* on August 2, 2024.  (Doc. 159).  On September 3, 2024, the Government filed its response. (Doc. 163).  After reviewing the motion, response, case file, and the record, the Court finds as follows:

On February 19, 1997, Defendant was charged with possession with intent to distribute cocaine base (Count One) and possession with intent to distribute marijuana (Count Two).  On July 11, 1997, a jury found Defendant guilty of both offenses.  (Doc. 51).  On October 24, 1997, Defendant was sentenced to life in prison on Count One and to 360 months in prison on Count Two, with the sentences to run concurrently.  Defendant, who is now 51 years old, is currently incarcerated at USP McCreary.

This is Defendant's *third motion* for compassionate release.  In his first motion, filed by counsel, Defendant sought to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act of 2018.  On July 23, 2020, the Court denied the motion, finding that although he had a "covered offense,"

he was ineligible for relief because he still would be subject to a mandatory life sentence after the Fair Sentencing Act of 2010 given the quantity of cocaine involved and his prior convictions. (Doc. 134).

Defendant then filed a *pro se* motion seeking compassionate release. In that motion, Defendant specifically alleged two extraordinary and compelling circumstances warranting release – (1) the disparity between the life sentence he is serving and that to which he would be exposed today (either a ten-year mandatory term of imprisonment or twenty-five years at most) and (2) the disparity consequent to the Eleventh Circuit's narrow interpretation of § 404 of the FSA. On May 17, 2021, the Court denied relief after concluding that the sentencing disparities identified did not qualify as extraordinary and compelling reasons warranting release. (Doc. 150). The Court further found, after weighing the sentencing factors of 18 U.S.C. § 3553(a), that even if Defendant was eligible, the Court would not grant compassionate release. The Court specifically noted that although Defendant's current crimes were not violent sentences, he had prior convictions for aggravated battery (causing bodily harm with an ax handle), discharging a firearm from an occupied vehicle (a drive by shooting in which a victim was shot in the leg), and other drug offenses, as well as a prior arrest for aggravated battery for allegedly shooting someone in the chest after an argument over money.

The Court also noted Defendant's significant disciplinary record in prison, including disciplinary actions for refusing to obey orders, threatening bodily harm, assault with serious injury, making sexual proposals or threats, fighting, interfering

with a security device, and destroying property. In fact, due to his extensive and considerable disciplinary history, and because of safety and security concerns, the Bureau of Prisons ("BOP") placed Defendant in a more restrictive environment for eighteen months. He was later given an opportunity to transition into general population, but Defendant was expelled from the institution's psychology treatment program. The Court found that Defendant's criminal history and post-conviction disciplinary record raise legitimate concerns about recidivism and public safety.

In the instant motion, Defendant again requests that the Court modify or reduce his sentence to release him from federal prison. This time, Defendant similarly argues that his original sentence was an "unusually long sentence," while raising other arguments previously addressed by the Court. Defendant again seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the BOP; or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

It does not appear that Defendant exhausted his administrative remedies.

However, even if Defendant had done so, after reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[1] The Government argues that an unusually long sentence is not a valid basis for compassionate release because the Sentencing Commission exceeded its congressionally delegated authority in promulgating subsection (b)(6). It appears that there is a circuit split as to whether an intervening change in the law may present extraordinary and compelling circumstances warranting a reduction of sentence.[2]

The Court need not pick a side in this split of authority. Even if the Court were to consider the intervening change in law, the applicable Section 3553(a) factors weigh heavily against granting compassionate release in this case. As the

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[2] The majority of circuits have concluded that an intervening change in the law is neither extraordinary nor compelling. *See United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022) (en banc); *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022); *United States v. Jenkins*, 50 F.4th 1185, 1198-1200 (D.C. Cir. 2022); *see also United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (unpublished). However, four circuits have held that a change in law can form part of an individualized assessment of whether to grant a sentence reduction when in combination with other case-specific factors. *See United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020); *United States v. Chen*, 48 F.4th 1092, 1097-1098 (9th Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1047-1048 (10th Cir. 2021). The Eleventh Circuit has not yet decided this issue.

Court previously indicated, Defendant has an extensive criminal history and disciplinary record, and he presents a high risk of recidivism and a danger to the community.  Repeat -- *Defendant has an extensive criminal history and disciplinary record, and he presents a high risk of recidivism and a danger to the community.* Given the seriousness of Defendant's crimes, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.  Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida, this 1st day of October, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE